## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert D. Copen,**
**Petitioner Below, Petitioner**

**FILED**

**February 17, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   Nos. 16-0260 and 16-0503** (Kanawha County 15-P-340 and 16-P-159)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION


In these consolidated appeals, petitioner Robert D. Copen, pro se, appeals two orders of the Circuit Court of Kanawha County. In Supreme Court No. 16-0260, petitioner appeals the circuit court's February 11, 2016, order dismissing his petition for a writ of habeas corpus without prejudice pursuant to Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings in Kanawha County Circuit Court Case No. 15-P-340. In Supreme Court No. 16-0503, petitioner appeals the circuit court's April 16, 2016, order dismissing his petition for a writ of habeas corpus without prejudice pursuant to Rule 4(c) in Kanawha County Circuit Court Case No. 16-P-159. Respondent Warden, by counsel Zachary Aaron Viglianco, filed a summary response in support of the circuit court's orders. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the early morning hours of August 21, 1999, petitioner climbed to the roof of a small shopping center in Belle, West Virginia, and shot Joan C. Moore, the proprietor of a beauty shop, as she was about to enter her car with the prior day's receipts. The rifle that petitioner used had a laser scope, and petitioner fired eleven shots of which eight or nine struck the victim. The gunshots attracted attention, and the police and an ambulance were summoned to the scene. The victim did not die immediately, remained conscious, and was able to identify petitioner, who had worked for her previously, as the individual who had shot her. Subsequently, petitioner was arrested and later charged with murder.

At trial, during the defense portion of the case, petitioner took the stand and admitted that

1

he had fired shots in the direction of the victim on the evening of the crime charged. However, petitioner testified that he did not intend to shoot the victim, but that he merely intended to scare her so that he could rob her. The jury subsequently found petitioner guilty of first-degree murder without a recommendation of mercy. After denying various post-trial motions by petitioner, the circuit court sentenced him to life in prison without the possibility of parole. Petitioner appealed his conviction. In *State v. Copen*, 211 W.Va. 501, 508, 566 S.E.2d 638, 645 (2002), this Court affirmed petitioner's conviction.

Since 2011, petitioner has filed seven successive petitions for a writ of habeas corpus in the circuit court asserting various claims under a general allegation of ineffective assistance of counsel.[1] The circuit court has dismissed each petition pursuant to Rule 4(c) which provides, in pertinent part, as follows: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal." As part of each order, the circuit court directed that the circuit clerk "shall serve a copy of this order upon the petitioner."

Petitioner appeals the circuit court's February 11, 2016, and April 16, 2016, orders dismissing without prejudice his sixth and seventh habeas petitions. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

On appeal, petitioner concedes, in No. 16-0260, that the circuit court properly dismissed that habeas petition because of a lack adequate factual support for his allegations. Upon our review of that petition,[2] we accept petitioner's concession and affirm the circuit court's February 11,

---

[1] In *State v. Copen*, No. 13-0772, at 2 (W.Va. Supreme Court, March 14, 2014) (memorandum decision), we affirmed the circuit court's dismissal of petitioner's third habeas petition pursuant to Rule 4(c).

[2] In syllabus point 8 of *State v. Julius,* 185 W.Va. 422, 408 S.E.2d 1 (1991), we held that we will accept a party's concession only after our own independent review of the issue. (Continued . . .)

2016, order dismissing that petition.

In No. 16-0503, petitioner contends that a March 7, 2000, letter from his attorney that he attached to that habeas petition provided factual support for his allegation that counsel gave him erroneous advice as to his parole eligibility under a plea bargain offered by the State prior to trial. Petitioner asserts that counsel erroneously advised him that he would have to wait thirty years to be parole-eligible when the proposed plea agreement provided that he would be parole-eligible after only seventeen-and-a-half years.

Respondent counters that petitioner's attorney never opined in the March 7, 2000, letter that the plea bargain required petitioner to serve thirty years of incarceration before achieving parole eligibility. Rather, the attorney wrote the letter in response to petitioner's phone call to the attorney's office, in which he rejected the plea offer because he "did not believe that the [c]ourt would expect you to serve thirty years."[3] The attorney initially replied to petitioner's statement by stating that it was "obvious" that petitioner did not understand "the potential outcomes for your case." Next, petitioner's attorney reminded him that, if he went to trial and was convicted by a jury of murder without a recommendation of mercy, petitioner would be "incarcerated until you die." The attorney further reminded petitioner that discovery in his case revealed "nothing that . . . would . . . establish a defense for you." Thus, while petitioner's attorney agreed that a thirty-year minimum term of incarceration would be "a substantial amount of time," he advised petitioner that a substantial minimum term was a reasonable outcome given the nature of his crime. Finally, the attorney admonished petitioner never to tell the circuit court judge that he believed that a term of incarceration would be "inconvenient" because, if that "complete lack of remorse" became known, "you will virtually guarantee yourself that you will never leave prison." The March 7, 2000, letter was signed by both petitioner's attorney and his co-counsel because they wanted to impress on petitioner that they "concur[ed] in [the] conclusions and opinions" stated therein.

We assume, *arguendo*, that counsel erroneously advised petitioner as to his parole eligibility under the proposed plea bargain. However, we find that the March 7, 2000, letter reflects that both of petitioner's attorneys were concerned that he exhibited a disinclination to accept any "substantial amount of time" in spite of the facts and circumstances of his case.[4] Therefore, we find that petitioner cannot meet the second—or, prejudice—prong of the *Strickland/Miller* test because he cannot show that, if he had been correctly advised as to his parole eligibility, he would have accepted the plea bargain. Therefore, we conclude that the circuit court did not abuse its

---

[3]Petitioner's attorney's March 7, 2000, letter indicates the State's plea offer included petitioner pleading guilty to aggravated robbery, which was consistent with his theory of the case that he was trying to scare the victim to rob her.

[4]Petitioner indicates that he was a very young man at the time of his criminal case, stating that he was only eighteen years old when he committed his offense.

3

discretion in dismissing petitioner's habeas petition in No. 16-0503.[5] Accordingly, we affirm the circuit court's April 16, 2016, order.

For the foregoing reasons, we affirm the circuit court's February 11, 2016, order in No. 16-0260 and its April 16, 2016, order in No. 16-0503, both of which were dismissals pursuant to Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings.

Affirmed.

**ISSUED**:  February 17, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[5]Respondent notes that, in petitioner's brief in No. 16-0503, he raises additional claims that there was ineffective assistance of counsel in the presentation of a motion to bifurcate the guilt and mercy phases and in the cross-examination of a State's witness. Upon our review of petitioner's habeas petition in that case, we find that petitioner did not make those claims before the circuit court. Therefore, we decline to address those issues in the first instance. *See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958).